Stephen F. Gehringer, Esquire
Law Offices of Bruce Shaw, P.C.
WDNY Admission No. 2209640
Pa Bar 87020
2735 Terwood Road
Willow Grove, PA 19090
267-374-4290
215-657-6816 (Fax)
sgehringer@shawlaws.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSS MORGAN<br>　　　　Plaintiff<br><br>vs.<br><br>CONCOURS CLASSIC MOTOR CARS, INC. DBA CONCOURS CLASSIC RESTORATION<br><br>and<br><br>CLARK RITTERSBACH,<br>　　　　Defendants | NO.<br><br>JURY TRIAL DEMANDED<br><br><br>**COMPLAINT** |

Plaintiff, ROSS MORGAN, residing at Australia and complaining of the Defendants, states as follows:

**PARTIES**

1. Plaintiff ROSS MORGAN is an adult individual residing at 9 Cressall Road, Balcatta Perth 6021, Australia.

2. Defendant CLARK RITTERSBACH (hereinafter "CLARK") is an adult individual who is believed to be residing at 78 Barchan Dune Rise, Victor, NY 14564 and doing business at 1300 Research Forest, Macedon, NY 14502.

3. Defendant CONCOURS CLASSIC MOTOR CARS, INC. d/b/a CONCOURS CLASSIC RESTORATIONS (hereinafter "CONCOURS") is a corporation, fictitious name or other business entity with a place of business at 1300 Research Forest, Macedon, NY 14502.

4. Plaintiff avers that all Defendants have advised Plaintiff that they hold specialized knowledge, far superior to common hobbyists, as it relates to the restoration of cars

5. Upon information and belief, CONCOURS is a licensed automobile repair shop in the state of New York. Plaintiff believes and avers that all Defendants have specialized knowledge attributable to vehicle salespersons.

6. It is believed and therefore averred that all Defendants herein named are engaged or have engaged in the repair or restoration, of automobiles and are therefore merchants with respect to goods of that kind under New York's adoption of the Uniform Commercial Code.

## FACTUAL BACKGROUND

7. Plaintiff hereby incorporates by reference all previous allegations as though fully set forth herein.

8. In June of 2012, the Plaintiff began a business relationship with the Defendants in which the Defendants would locate and purchase various automobiles and their components.

9. Defendants represented to the Plaintiff that they had the skill and sources to locate and purchases the vehicles and components he would acquire.

10. The misrepresentations of the Defendants were relied upon by Plaintiff and the facts falsely represented by said Defendants made a substantial impact on Plaintiff's decision to purchase the vehicles and parts.

*11.* From August 2012 to January 2018, the Defendants solicited $1,930,235.50 of the Plaintiff's funds by promising the shipment of various motor vehicle listed above and their related motor vehicle components. *A true and correct register of all invoices is attached hereto and made a part hereof and identified as Exhibit "A."*

*12.* From 2012 through 2018, the Defendants convinced the Plaintiff to purchase the vehicles and parts through them for the purpose of assembling said vehicles. The list of such vehicles and parts includes, but are not limited to the following:

   a. 1930 Duesenberg J301, Frame No. 2128 ("Murphy" Coachwork, Disappearing Top Convertible);

   b. 1933 Duesenberg J361, Frame No. 2378 ("Rollston" Coachwork Convertible);

   c. 1930 Duesenberg J117, ("Murphy" Coachwork);

   d. Cadillac V16 Roadster (in parts);

   e. 1931 Cadillac Madam X Coupe parts;

   f. 1934 Cadillac V-16 in parts;

   g. 1935 Cadillac Convertible Sedan Fleetwood Coachwork (VIN 5100104);

   h. 1937 Cadillac Convertible Sedan Fleetwood Coachwork (VIN 5130336);

   i. 1967 Ferrari 330GT;

   j. 1930 Cadillac V-16 (AWP) Phaeton Fleetwood Coachwork;

   k. 1933 Cadillac V-16 (AWP) Phaeton Fleetwood Coachwork;

   l. Hispano-Suiza; and

   m. Numerous parts and components. *See Exhibit "A."*

*13.* However, the Defendants only procured and supplied the Plaintiff with a fraction of the parts and vehicles paid for, consisting of a value of $455,208.00. *See Exhibit "A."*

*14.* In summary, the Defendants have absconded with $1,475,027.50 of the Plaintiff's funds.

*15.* The Plaintiff has demanded that the cars and parts be shipped to him as promised and all Defendants have refused to return the same.

## JURISDICTION

*16.* Plaintiff hereby incorporates by reference all previous allegations as though fully set forth herein.

*17.* Plaintiff is a citizen of Australia residing in Australia.

*18.* The Defendants are residents and/or a business entity doing business in Wayne County within the Western District of New York.

*19.* This Court further has subject matter jurisdiction based upon the diversity of citizenship pursuant to 28 U.S.C. §1332 as the matter in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different States.

*20.* This Court has supplemental jurisdiction over the claims of this Complaint which arise under statutory and common law of the State of New York pursuant to 28 U.S.C. §1367(a) because any state law claims asserted herein are related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

## COUNT I
### VIOLATION OF THE NEW YORK CONSUMER PROTECTION FROM DECEPTIVE ACTS AND PRACTICES STATUTE
### (GENERAL BUSINESS LAW SECTION 349)

*21.* Plaintiff hereby incorporates by reference all previous allegations as though fully set forth herein.

22. Defendants' conduct is violative of General Business Law Section 349 which declares unlawful all deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State of New York.

23. Defendants offered to sell the Plaintiff various vehicles and related components that the Defendants neither actually possessed nor had any reasonable expectation that they could come into possession of. *See Exhibit "A," referenced above.*

24. By offering to provide automotive parts for the Plaintiff, Defendants conducted "business" or provided a "service" within the meaning of New York General Business Law § 349.

25. By misrepresenting that the Defendants could provide motor vehicles and parts yet requiring that the Plaintiff pay for these items based on that misrepresentation, the Defendants engaged in a deceptive act designed and intended to cheat the Plaintiff out of almost $1,500,000.00.

26. Defendants, through the conduct alleged above, engaged in deceptive acts that were likely to mislead and actually did mislead the Plaintiff in a material way; to wit, the Plaintiff paid almost $1,500,000.00 for goods that the Defendants never possessed nor could any reasonable expectation that they could come into possession of.

27. The acts of the Defendants are consumer-oriented in that their practice of obtaining the funds through deception and not providing the vehicles or automotive parts promised potentially affect all similarly situated consumers.

28. By reason of the conduct alleged above, Defendants engaged in deceptive conduct in violation of New York General Business Law § 349

29. As such, his Honorable Court is permitted to award the Plaintiff treble damages, as permitted, and attorney's fees pursuant to General Business Law § 349.

WHEREFORE, Plaintiff prays this Honorable Court find in favor of the Plaintiff and against the Defendants and rescind the contract between the parties and award damages in a sum of at least $1,475,027.50, all damages permitted by General Business Law Section 349, treble damages as permitted, court costs, attorneys' fees punitive damages and any other award the Court may deem appropriate and just.

## COUNT II
## FRAUD

30. Plaintiff hereby incorporates by reference all previous allegations as though fully set forth herein.

31. The elements of fraud are "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" See *Pasternack v Laboratory Corp. of Am. Holdings*, 27 NY.3d 817, 827 [2016].

32. Defendants misrepresented to Plaintiff that they possessed specific vehicles and their material components as described in more detail in *Exhibit "A,"* and thereby made misrepresentations to the Plaintiff which were material to the matter at hand.

33. Upon information and belief, the Defendants never possessed the goods that the Plaintiff desired and never had any expectation that they could acquire them, yet took the Plaintiff's money nonetheless.

34. Through the conduct alleged above, Defendants knowingly and intentionally made false and misleading representations of presently existing or past facts to Plaintiff related to the Defendant's ability to acquire the goods for which the Plaintiff paid almost $1,500,000.00.

35. The Defendants made these misrepresentations to induce the Plaintiff into relying upon it, thus inducing the Plaintiff to pay almost $1,500,000.00 for goods that the Defendants never possessed nor could any reasonable expectation that they could come into possession of.

36. The Defendants are in the business of restoring and selling classic motor vehicles and tout their knowledge and expertise in the field of classic motor vehicles.[1]

37. As such, the Plaintiff's reliance on the representations of the Defendants was justifiable.

38. Based upon the misrepresentations of Defendants, Plaintiff believed and understood that the components listed on each invoice would be shipped to Plaintiff in Australia upon Plaintiff's payment of the requisite funds.

39. Plaintiff has sustained substantial damage and injury as a direct and proximate result of the actions and misrepresentations of Defendants.

40. Defendants, despite demands by Plaintiff, have refused to reimburse and/or return the costs paid to them for purchase of the parts to him and refused to provide the parts for which he was paid.

41. The Defendants intentionally misrepresented that they possessed or could reasonably possess the components that the Plaintiff ordered as a part of a scheme to induce the Plaintiff into surrendering the substantive sum of $1,500,000.00. Defendants actions have the character of outrage frequently associated with crime as to justify an award for punitive damages.

WHEREFORE, Plaintiff prays this Honorable Court find in favor of the Plaintiff and against the Defendants and rescind the contract between the parties and award damages in a sum

---

[1] http://www.concoursclassics.com/our-services/

of at least $1,475,027.50 plus court costs and any other award the Court may deem appropriate and just.

## COUNT III
## BREACH OF CONTRACT

42. Plaintiff hereby incorporates by reference all previous allegations as though fully set forth herein.

43. The contract by and between the parties consists of written and oral components and is not integrated.

44. Furthermore, the representations of the Defendants, both oral and written, became part of the agreement and contract between Plaintiff and said Defendants.

45. The agreement, more particularly outlined above, by and between the Plaintiff and Defendants was that said Defendants would provide specific vehicles and components, *listed in Exhibit "A,"* Plaintiff would pay a sum of money, *see Exhibit "A,"* and the Defendants would thereafter ship the vehicles and components to the Plaintiff in Australia.

46. Plaintiff agreed to pay Defendants for the vehicles and components, most of which, upon information and belief, were never acquired by said Defendants.

47. Plaintiff fulfilled all of his obligations under the contract and paid Defendants $1,930,325.50 for numerous parts and components, but only received a portion of the goods worth $455,208.00.

48. Defendants breached this agreement by taking and keeping the Plaintiff's funds without delivering, nor having the intention to deliver, all of the goods that the Plaintiff paid for. Defendants have unjustly breached their duty owed to the Plaintiff as more particularly described herein.

49. Plaintiff has incurred economic damages in the sum of $1,475,027.50 as a result of breach of the contract by Defendants.

50. As a direct and proximate result of the breach of the contract by Defendants, Plaintiff has sustained substantial damage and injury, including but not limited to, the loss of $1,475,027.50 plus costs, attorneys' fees and expenses.

WHEREFORE, Plaintiff prays this Honorable Court find in favor of the Plaintiff and against the Defendants and rescind the contract between the parties and award damages in a sum of at least $1,475,027.50 plus court costs and any other award the Court may deem appropriate and just.

## COUNT IV
## UNJUST ENRICHMENT

51. Plaintiff hereby incorporates by reference all previous allegations as though fully set forth herein.

52. Plaintiff has enriched Defendants with substantial monetary benefits of $1,475,027.50.

53. Under the circumstances alleged herein, it is against equity and good conscience that Defendants be permitted to retain these benefits.

54. Defendants misrepresented that they had the vehicles and parts promised, though they took the Plaintiff's money regardless.

55. Defendants have failed to provide the promised vehicles and parts, refused to return any portion of the Plaintiff's payments and unjustifiably seek to retain the benefits conferred by Plaintiff.

WHEREFORE, Plaintiff prays this Honorable Court find in favor of the Plaintiff and against the Defendants and rescind the contract between the parties and award damages in a sum

of at least $1,475,027.50 plus court costs and any other award the Court may deem appropriate and just.

## COUNT V
## CONVERSION

56. Plaintiff hereby incorporates by reference all previous allegations as though fully set forth herein.

57. Plaintiff paid to Defendants an existing sum of $1,425,027.50 for vehicles and parts which were never delivered and while reasonably relying upon the representations of said Defendants that they had the vehicles and parts and intended to deliver them.

58. Plaintiff's funds are specific, identifiable and the Defendants, upon failing to provide the promised vehicles and parts, are obligated to return the same.

WHEREFORE, Plaintiff prays this Honorable Court find in favor of the Plaintiff and against the Defendants and rescind the contract between the parties and award damages in a sum of at least $1,475,027.50 plus court costs and any other award the Court may deem appropriate and just.

Dated this 29th day of October 2018

LAW OFFICES OF BRUCE SHAW, P.C.

Stephen F. Gehringer, Esquire
Law Offices of Bruce Shaw, P.C.
2735 Terwood Road
Willow Grove, PA 19090
267-374-4290
215-657-6816 (Fax)
sgehringer@shawlaws.com

## VERIFICATION

ROSS MORGAN hereby states that he is the PLAINTIFF in this action and that the statements of fact made in the foregoing COMPLAINT are true and correct to the best of his information and belief.

Date: 21st october-2018

_____
ROSS MORGAN, Plaintiff