UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

ROSS MORGAN

                                    Plaintiff,            **ANSWER**
      -vs-                                                  Docket No. 18-CV-6778

CONCOURS CLASSIC MOTORCARS, INC.
DBA CONCOURS CLASSIC RESTORATION

    And

CLARK RITTERSBACH

                                    Defendants.
_____

        Defendants, Clark Rittersbach and Concours Classic Motorcars, Inc. D/B/A Concours Classic Restoration, by their attorney, David R. Morabito, Esq. answers Plaintiff's Complaint, and alleges as follows:

        1.  Admits the allegations contained in paragraphs 1 and 36.

        2. Admits the allegations contained in paragraph 2 that Clark Rittersbach is "an adult individual" but is not personally "doing business" at 1300 Research Forest, Macedon, NY 14502.

        3. Admits the allegations contained in paragraph 3 that Concours Classic Motorcars, Inc., is a corporation duly registered in the State of New York but there is no D/B/A Concours Classic Restorations.

        4.  Denies the allegations contained in paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57 and 58.

5. Denies any allegations which is inferred or stated in the Wherefore Clauses of the Complaint involving Count I, Count II, Count III, Count IV, and Count V.

6. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 17 and 37.

7. Denies each and every other allegation contained in the Complaint not heretofore admitted to or denied upon information and belief.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

## DEFENDANTS ALLEGE AS FOLLOWS:

8. The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 7 above as if each were set forth fully herein.

9. The Complaint fails to state a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

## DEFENDANTS ALLEGE AS FOLLOWS:

10. The Defendants repeats and reallege each and every statement contained in paragraphs 1 through 9 above as if each were set forth fully herein.

11. The Complaint served on the Defendants was improper as the process server "served" the Complaint upon a child/minor who neither resided at 78 Barchan Dune Rise, Victor, NY 14564 nor was he doing any business at 1300 Research Forest, Macedon, NY 14502.

12. The Court lacks jurisdiction as of an illegal service of process.

## **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

## **DEFENDANTS ALLEGE AS FOLLOWS:**

13. The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 12 above as if each were set forth fully herein.

14. That the causes of action alleged by Plaintiff may not be maintained for the reason that Plaintiff failed to properly commence the action within the appropriate statute of limitations period.

## **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

## **DEFENDANTS ALLEGE AS FOLLOWS:**

15. The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 14 above as if each were set forth fully herein.

16. That upon information and belief, the damages alleged in the Complaint were caused in whole or in part by the acts or omissions to act of the Plaintiff, which acts or omissions to act were negligent, reckless, wrongful, intentional, illegal or otherwise culpable. Plaintiff's loss or damages were not caused by any acts or omissions on the part of the Defendants.

17. That if the Plaintiff is entitled to recover damages as alleged in the Complaint, the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

## DEFENDANTS ALLEGE AS FOLLOWS:

18. The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 17 above as if each were set forth fully herein.

19. The remedies sought by the Plaintiff are barred by the application of the equitable principles of laches, estoppel, and waiver.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

## DEFENDANTS ALLEGE AS FOLLOWS:

20. The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 19 above as if each were set forth fully herein.

21. The Plaintiff has failed to mitigate its damages. Defendant Concours Classic Motorcars, Inc. has, in its possession, thousands of parts/personal property that Plaintiff refuses to retrieve.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

## DEFENDANTS ALLEGE AS FOLLOWS:

22. The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 21 above as if each were set forth fully herein.

23. No act or omission on the part of the Defendants were the proximate cause of any damages alleged by the Plaintiff.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

## DEFENDANTS ALLEGESAS FOLLOWS:

24. The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 23 above as if each were set forth fully herein.

25. The Court lacks jurisdiction over the Defendants in this matter.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

## DEFENDANTS ALLEGE AS FOLLOWS:

26. The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 25 above as if each were set forth fully herein.

27. Plaintiff lacks standing to sue Defendant Clark Rittersbach.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

## DEFENDANTS ALLEGE AS FOLLOWS:

28. The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 27 above as if each were set forth fully herein.

29. Plaintiff is without legal capacity to allege the causes of action at issue against Defendants.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

## DEFENDANTS ALLEGE AS FOLLOWS:

30. The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 29 above as if each were set forth fully herein.

31. Plaintiff's claims are, in whole and/or in part, precluded by the economic loss rule.

## AS AND FOR A TWELVETH AFFIRMATIVE DEFENSE

## DEFENDANTS ALLEGE AS FOLLOWS:

32. The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 31 above as if each were set forth fully herein.

33. Answering Defendants deny any wrong doing on their part, but if the

Plaintiff recovers a judgment in this action against the Answering Defendants, jointly with the other defendants, there exists the right of contribution over and against the co-defendants and damages should be apportioned on the facts according to the relative responsibility of the parties.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

**DEFENDANTS ALLEGE AS FOLLOWS:**

34. The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 33 above as if each were set forth fully herein.

35. Plaintiff did not rely upon any act or statement of Answering Defendants.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

**DEFENDANTS ALLEGE AS FOLLOWS:**

36. The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 35 above as if each were set forth fully herein.

37. Plaintiff's loss or damages were caused or contributed to by Plaintiff's own negligence or culpable conduct, and therefore Defendant is not liable to Plaintiff or, alternatively, Defendant's liability is partial only and should be reduced in a Court with applicable law.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

**DEFENDANTS ALLEGE AS FOLLOWS :**

38. The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 37 above as if each were set forth fully herein.

39. That prior to the commencement of this action, Defendant Concours Classic Motorcars, Inc. has performed services upon request of Plaintiff worth in excess of $1.5 million.

40. That any monies received from Plaintiff to Defendant Concours Classic Motorcars, Inc. have been applied toward services rendered.

41. That Plaintiff and Defendant Concours Classic Motorcars, Inc. have previously agreed that Defendants owed no monies for services rendered.

42. That an accord and satisfaction has been made between Plaintiff and Defendants. Defendants, in good faith, disputed and denied any liability to Plaintiff with respect to the matters alleged in the Complaint.

43. That Defendants have delivered to Plaintiff not only services performed on behalf of Plaintiff, but has given Plaintiff personal property consisting of thousands of automobile parts and are prepared to ship thousands more of automobile parts.

44. There has been full accord and satisfaction.

## **AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

## **DEFENDANTS ALLEGE AS FOLLOWS:**

45. The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 44 above as if each were set forth fully herein.

46. That before the commencement of this action, Defendant Concours Classic Motorcars, Inc. has satisfied and discharged the Plaintiff's alleged claims by giving personal property consisting of automobile parts to Plaintiff and is prepared to

ship thousands of automobile parts to Plaintiff in full settlement of this alleged claim.

47. That there is now nothing due or owing from Defendants to Plaintiff.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE
## DEFENDANTS  ALLEGE AS FOLLOWS:

48.   The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 47 above as if each were set forth fully herein.

49.  That the alleged money owed, as set forth in the Complaint by Plaintiff, have clearly been offset by services rendered by services by Defendants or the offered return of automobile parts/personal property.

50. That pursuant to services rendered and the offer to return automobile parts/personal property, there is no debt owed.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE
## DEFENDANTS ALLEGE AS FOLLOWS:

51.   The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 50 above as if each were set forth fully herein.

52.   That Defendant has duly performed all conditions of any oral or written contract(s) between Plaintiff and Defendants by either payment, services rendered and/or delivery of personal property to Plaintiff or the offer to deliver personal property to Plaintiff.

53.   That Plaintiff has waived any and all terms and conditions of any oral or written contract(s) between Plaintiff and Defendants by accepting money, services, receipt of personal property, or the offer to forward the automobile parts/personal

property to Plaintiff. .

54  That Plaintiff has waived the terms and conditions of any oral or written contract(s).

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

## DEFENDANTS  ALLEGE AS FOLLOWS:

55.   The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 54 above as if each were set forth fully herein.

56.   That the Plaintiff and Defendants have entered into numerous contracts, either written or oral, to perform multiple services and have continuously orally "modified" the terms and conditions of these "contracts".

57.  That Defendants raise the defense of Statute of Frauds.

## AS AND FOR A TWENTYTH AFFIRMATIVE DEFENSE

## DEFENDANTS ALLEGES ALLEGE AS FOLLOWS:

58.   The Defendants repeat and reallege each and every statement contained in paragraphs 1 through 57 above as if each were set forth fully herein.

59.   That at all times mentioned in the Complaint, any actions of the Defendants were through a corporate entity and not in Defendant Clark Rittersbach who has been named personally. .

60.  That the Court lacks jurisdiction of a "person" in said action relative to Clark Rittersbach.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

## DEFENDANTS ALLEGES ALLEGE AS FOLLOWS:

61. Defendant re-alleges the allegations of paragraphs 1 through 60 hereof to have the same force and affect as if fully here set forth.

62. That Defendant Clark Rittersbach has never had any personal dealings with Plaintiff. Rather, all business contacts have been through Concours Classic Motorcars, Inc.

63. That Plaintiff's Complaint against Defendant Clark Rittersbach is an abuse of process.

## AS AND FOR THE FIRST COUNTERCLAIM DEFENDANT CLARK RITTERSBACH ALLEGES:

64. Defendant Clark Rittersbach has been sued by Plaintiff.

65. That Defendant Clark Rittersbach has never had any dealings with Plaintiff in his personal capacity.

66. That Defendant Clark Rittersbach has never contracted, orally or in writing, with Plaintiff to perform any services as a "person." All dealings have been through Concours Classic Motorcars, Inc.

67. That Plaintiff has never paid any money(s) to Defendant Clark Rittersbach.

68. That the commencement of said action against Defendant Clark Rittersbach has been only to threaten, harass, intimidate, annoy and/or extort money(s) and/or assets from Defendant Clark Rittersbach.

69. That Plaintiff has committed abuse of process against Defendant Clark Rittersbach.

WHEREFORE, Defendant Clark Rittersbach demands judgment against Plaintiff:

a) For an amount of award to be determined by the Court;

b) Granting cost and legal fees of said action; and

c) Granting such other and further relief as the Court deems just and proper.


WHEREFORE, Defendants demand judgment:

A. Dismissing the Plaintiff's Complaint in all respects, together with the costs and disbursements of this action;

B. Additionally and/or in the alternative, demand that any judgment recovered by the Plaintiff be diminished in the proportion in which the culpable conduct of the Plaintiff bears to the culpable conduct which caused the Plaintiff's damages:

C. For such other and further relief to which the Court may deem just and proper.


Dated: December 5, 2018

                                              __s/s David R. Morabito_
                                              David R. Morabito, Esq.
                                              Attorney for Defendant
                                              117 West Commercial Street
                                              P.O. Box 187
                                              East Rochester, NY 14445
                                              (585)586-5770

TO:

UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF NEW YORK

_____

ROSS MORGAN

                                        Plaintiff,           CERTIFICATION BY ATTORNEY

      -vs-                                                  Docket No. 18-CV-6778

CONCOURS CLASSIC MOTORCARS, INC.
DBA CONCOURS CLASSIC RESTORATION

    And

CLARK RITTERSBACH

                                              Defendants.

  I am admitted to practice law in the State of New York and the United States District Court-Western District of New York, and I am an Officer of the Court.  I am the attorney for the Defendants in the above-captioned matter.

    I hereby certify to the Court, under penalties of perjury, that I have no knowledge that the substance of any submission in the attached Answer, Affirmative Defenses and Counterclaim are false.  This certification is not made to, nor is it to be relied upon, by any other person.  I have not conducted an independent investigation of the facts and have relied solely upon information provided by my clients .

DATED:  December 5, 2018                          /S/ David R. Morabito
                                                                David R. Morabito Esq.