**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ROSS MORGAN | : | |
|       Plaintiff | : | |
| | : | **NO.  6:18-cv-06778-FPG-MWP** |
| vs. | : | |
| | : | MEMORANDUM OF LAW IN SUPPORT |
| CONCOURS CLASSIC MOTOR CARS, | : | OF PLAINTIFF'S MOTION FOR ENTRY |
| INC. DBA CONCOURS CLASSIC | : | JUDGMENTS PURSUANT TO |
| RESTORATION | : | DEFENDANTS' AFFIDAVITS FOR |
| | : | CONFESSION OF JUDGMENT |
| and | : | |
| | : | |
| CLARK RITTERSBACH, | : | |
|       Defendants | : | |

**TABLE OF CONTENTS**

I.    Preliminary Statement    3

II.   Argument    3

    a.  Whether the Plaintiff is entitled to the entry of judgments pursuant
        to the Defendants' Affidavits of Confession of Judgment    3

III.  Conclusion    6

# TABLE OF AUTHORITIES

**Cases**

*Alland v. Consumers Credit Corp.*, 476 F.2d 951, 958 (2d Cir. 1973)..........................................5

*D.H. Overmyer Co., Inc. v. Frick Co.*, 405 U.S. 174, 186 (1972) .................................................5

*FDIC v. Deglau*, 207 F.3d 153, 159 (3d Cir. 2000)) .....................................................................5

*LOL Fin. Co. v. Carrigan*, No. 0:16-CV-000651, 2016 U.S. Dist. LEXIS 103702, *6 (D. Minn. Aug. 5, 2016)..................................................................................................................................5

*Orlando Residence, Ltd. v. Nelson*, 565 Fed. Appx. 212, 222 (4th Cir. 2014)..........................5, 6

*Regency Club at Wallkill, LLC v. Bienish*, 2012 NY Slip Op 3440, 95 A.D.3d 879, 942 N.Y.S.2d 894 (N.Y. App. Div., 2012)..................................................................................................................3

**Statutes**

New York Civil Practice Law and Rules ("CPLR") § 3218......................................................3, 4

I. **PRELIMINARY STATEMENT**

The facts and procedural history that support the Plaintiff's motion for entry of judgments pursuant to confessions of judgment are set forth in the accompanying Affidavit of Ross Morgan. As such, those facts and history will not be repeated here. In this Memorandum of Law, Plaintiff cites the appropriate legal authority that authorizes this Court to enter judgments pursuant to the affidavits of confession of judgment. Based on the authority cited and the factual and procedural history, the Court should grant Plaintiff's motion and direct the Clerk of the Court to enter separate judgments against the defendants, each in the amount of $1,511,493.50.

II. **ARGUMENT**

**ISSUE: WHETHER THE PLAINTIFF IS ENTITLED TO THE ENTRY OF JUDGMENTS PURSUANT TO THE DEFENDANTS' AFFIDAVITS OF CONFESSION OF JUDGMENT**

**SUGGESTED ANSWER: YES.**

Under New York law, confessions of judgment "may be entered, without an action...for money due or to become due…upon an affidavit executed by the defendant." New York Civil Practice Law and Rules ("CPLR") § 3218. The defendant's affidavit must state the "sum for which judgment may be entered, authoriz[e] the entry of judgment, and stat[e]…the county in which entry is authorized." *Id.* It also must state "concisely the facts out of which the debt arose and show[ ] that the sum confessed is justly due or to become due[.]" *Id.*; *Regency Club at Wallkill, LLC v. Bienish*, 2012 NY Slip Op 3440, 95 A.D.3d 879, 942 N.Y.S.2d 894 (N.Y. App. Div., 2012).

As discussed in the Affidavit of Ross Morgan, Plaintiff and both Defendants entered into a settlement agreement to resolve the issues presented in this lawsuit to recover motor vehicle parts that were already purchased from the Defendants by the Plaintiff or, in the alternative,

recover the monetary value paid for the undelivered components. Morgan Aff. ¶¶ 8-12. Ex, "A." Pursuant to the settlement agreement, Mr. Rittersbach executed Affidavits of Confessions of Judgment on behalf of himself and on behalf of Concours Classic Motor Cars, LLC. Morgan Aff. ¶¶ 13-15.

The Defendants' Affidavits substantially comply with the requirements for entry of confessions of judgment under New York law. *See* CPLR § 3218. Specifically, the Affidavits state that a judgment may be entered against Defendants "in an amount of $1,475,027.50 plus post-judgment interest, less any subsequent payments or reductions received by the Plaintiff." Morgan Aff. ¶ 16. The affidavits further provide that "Defendant consents to the filing and enforcement by Plaintiff of this Affidavit of Confession of Judgment for the Confessed Amount, plus costs, disbursements and reasonable attorneys' fees incurred during the litigation. . ." Morgan Aff. ¶¶ 16, Ex. "B" at ¶ 5(b), Ex. "C" at ¶ 5(b).

The affidavits each expressly states that the parties "consent to the exercise of personal jurisdiction by the United States Federal Court for the Western District of New York." Also, the "Defendant irrevocably submits to the jurisdiction and venue of any state or federal court of competent jurisdiction located in any county of New York and authorize entry of the judgment herein in such court" in the event Defendants fail to make the required payments under the Settlement Agreement. Morgan Aff. ¶¶ 11, 14, Ex. "B" at ¶¶ 3, 5(b), Ex. "C" at ¶¶ 3, 5(b).

The affidavits provide the address of each Defendant. Ex. "B" at ¶ 1, Ex. "C" at ¶ 1. And the affidavits contain a concise statement of the underlying facts establishing that the confessions of judgment are for relief justly due and owing from Defendants to Plaintiff by referencing the underlying litigation and referring to those facts and list of missing vehicle parts in the Settlement

Agreement that is attached to each affidavit as an integrated exhibit. Morgan Aff. ¶ 15, Ex. "A" at ¶ 5(a), (b), Ex. "B" at ¶ 5(a), (b).

Accordingly, judgment may be properly entered in accordance with the Affidavits of Confessions of Judgment, without the need for a separate action, pursuant to Section 3218 of the CPLR.

While the Federal Rules of Civil Procedure do not include a provision equivalent to CPLR 3218 (*FDIC v. Deglau*, 207 F.3d 153, 159 (3d Cir. 2000)), a federal court "has the power and authority to enter a judgment pursuant to a confession of judgment as long as subject-matter jurisdiction exists and the confession of judgment was voluntarily, knowingly and intelligently made." *LOL Fin. Co. v. Carrigan*, No. 0:16-CV-000651, 2016 U.S. Dist. LEXIS 103702, *6 (D. Minn. Aug. 5, 2016) (quoting *D.H. Overmyer Co., Inc. v. Frick Co.*, 405 U.S. 174, 186 (1972)); *Orlando Residence, Ltd. v. Nelson*, 565 Fed. Appx. 212, 222 (4th Cir. 2014) ("Federal courts have the power to enter confession judgments, as has been recognized by courts time and again…Where there is clear and convincing evidence that the waiver was voluntary, knowing, and intelligently made, then the confession of judgment will be upheld."); *see Alland v. Consumers Credit Corp.*, 476 F.2d 951, 958 (2d Cir. 1973) (district court properly entered a confessed judgment but erred by failing to award reasonably attorney's fees). If the confession of judgment satisfies these factors, the federal court may enter judgment as permitted by the laws of the state where the court is located. Fed. R. Civ. P. 64; *see Orlando Residence*, 565 Fed. Appx. at 222.

In this case, Plaintiff is entitled to entry of judgments in accordance with the Affidavits of Confessions of Judgment executed by Defendants. As an initial matter, the Court has subject-matter jurisdiction over this action; there is complete diversity of citizenship―Plaintiff is a

resident and citizen of Australia and the Defendants are citizens of New York. Further, the amount in controversy is more than $75,000, exclusive of extra-contractual interest and costs. Complaint (Dkt. 1) at ¶¶ 1-3, 16-20. In addition, the Affidavits of Confession of Judgment were voluntarily, knowingly, and intelligently made. The settlement agreement was entered by the Defendants and Plaintiff pursuant to an arms-length negotiation with the assistance of legal counsel and a court approved mediator. Morgan Aff. ¶¶ 7-10. Defendants understood, as explicitly stated in the settlement agreement, that if they failed to provide the missing vehicle parts under the settlement agreement as promised, Plaintiff would obtain judgment against them by filing the Affidavits of Confession of Judgment. Morgan Aff. ¶ 16, Ex. "A" at ¶ 8. The settlement agreement provided Defendants with significant benefits including lessening the amount of monetary reimbursement to be due, allowing them to avoid the payment of Plaintiff's attorneys' fees, and obtaining a release of all claims arising out of or related to the litigation.

### III. CONCLUSION

For the reasons set forth herein, and as further detailed in the accompanying Affidavit of Stephen F. Gehringer, the Court should enter separate judgments against Defendants, each in the amount of $1,511,493.50, pursuant to Defendants' Affidavits of Confession of Judgment.

Dated this 4th day of September 2019

LAW OFFICES OF BRUCE SHAW, P.C.

/s/ Stephen F. Gehringer, Esq.
Stephen F. Gehringer, Esquire
Law Offices of Bruce Shaw, P.C.
WDNY Admission No. 2209640
Pa Bar 87020
2735 Terwood Road
Willow Grove, PA 19090
267-374-4290
215-657-6816 (Fax)
sgehringer@shawlaws.com