**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ROSS MORGAN | : | |
|     Plaintiff | : | |
| | : | **NO. 6:18-cv-06778-FPG-MWP** |
| vs. | : | |
| | : | |
| CONCOURS CLASSIC MOTOR CARS, | : | **AFFIRMATION IN REPLY TO THE** |
| INC. DBA CONCOURS CLASSIC | : | **DEFENDANTS' RESPONSE TO** |
| RESTORATION | : | **PLAINTIFF'S MOTION FOR ENTRY** |
| | : | **OF JUDGMENTS PURSUANT TO** |
|     and | : | **DEFENDANTS' AFFIDAVITS FOR** |
| | : | **CONFESSION OF JUDGMENT** |
| CLARK RITTERSBACH, | : | |
|     Defendants | : | |

Stephen F. Gehringer, Esq., an attorney admitted to practice before this Court, declares the following to be true, pursuant to 28 U.S.C. § 1746:

1. I am a member of the Law Offices of Bruce Shaw P.C., attorneys for Plaintiff Ross Morgan.

2. I have served as lead counsel for Plaintiff throughout the entire course of this litigation, and thus, I am familiar with the pleadings and prior proceedings in this case, and with all matters addressed herein.

3. I submit this Affirmation in support of Plaintiff's motion for the entry of judgments against defendants Clark Rittersbach ("Clark Rittersbach"), Concours Classic Motor Cars, LLC dba Concours Classic Restoration ("Concours") (collectively, the "Defendants") pursuant to Affidavits of Confession of Judgment that each of the Defendants executed in connection with a Settlement Agreement that the parties negotiated and entered.

4. On April 5, 2019, the parties participated in mediation before the Honorable Richard Rosenbloom, Esq. and negotiated the specific terms of a Mutual Release and

Settlement Agreement (hereinafter "the Settlement Agreement") that were reduced to an equally specific writing and signed by all parties. *A true and correct copy of the Mutual Release and Settlement Agreement is attached hereto and made a part hereof and identified as Exhibit "A."*

5. The parties agreed that each was represented by legal counsel and that this Settlement Agreement was created by the mutual negotiation. As such, the Settlement Agreement "shall not be construed against any party and the rule of construction of contract resolving ambiguities against the drafting party shall be inapplicable." *See Exhibit "A," referenced above at Sec 10.*

6. This litigation is founded on the fraud alleged when the Defendants stole almost $1.5 million dollars from the Plaintiff when they failed to provide numerous motor vehicle components as promised. In this context, the Plaintiff negotiated a settlement with such specific and unambiguous terms to ensure that the Defendants would perform as promised and perform in a manner that provided transparency. The Confession of Judgment requirement in Section 2 and the shipping requirements found in Section 4 of the Settlement Agreement are material terms and utterly necessary to this agreement. There can be no good faith performance under this Settlement Agreement without honoring these conditions. *See Exhibit "A," referenced above at Sec 2 and Sec 4.*

7. Among these conditions, the Defendants must provide individual photographs of all parts to be shipped before they are packaged and the Defendants must provide a complete manifest of those parts cross referenced to relevant Concours Classic Motor Cars, LLC invoice. *See Exhibit "A," referenced above at Sec 4(b) and 4(c).*

       Compliance with these terms permits the Plaintiff's agent to efficiently and accurately inspect the shipment for missing components.

8. I have no personal knowledge whether the Defendants are truly suffering a "down turn" in business as alleged, however, the Defendants' counsel related that his clients had no employees **prior to the Defendants placing their signatures upon the settlement agreement** and confessions of judgment. Hence, the Defendants knew before making these promises that they would have to perform them alone.

9. That said, there is no evidence, except the Defendants' own naked word, that they have been inventorying any components whatsoever, at any pace, as the settlement requires them to provide a complete manifest with photographs of all components and they have failed to provide this; to wit, the Defendants have only provided some photographs on May 14, 2019 via DropBox but have **never provided any manifest at any time**.  One would expect that even if the Defendants were making slow progress, as alleged, there would have been some activity since May evidenced by a manifest, especially since Defendants' counsel claims there are shipments ready to be inspected.

10. Neither I nor the Plaintiff have personal knowledge whether the Defendant actually possesses several shipping containers and/or tractor trailers with the Plaintiff's parts, but the Defendants, aside from a handful of photographs that represent insufficient components to fill a single cargo container, have provided **no manifest** or other proof of this as required by the terms of the settlement.[1]

---

[1] Additionally, Mr. Morabito's statement that the Defendants suggests that the Defendants are operating contrary to the terms of the settlement. The Defendants were required to photograph the parts before packaging and permit an inspection of the parts before they are loaded into any container. See Defendants' Affirmation (Dkt 21) at ¶ 5. See also Exhibit "A," Sec. 4(b), (d).

11. It follows that any agent the Plaintiff may send to inspect the shipment cannot do so in any effective manner without a manifest and photographs to work from.

12. Furthermore, this is hardly the first time the Defendants have claimed hardship as a reason to break their word; to wit, in May of 2018, the Defendants claimed to be in the process of inventorying these parts and would make a shipment in June of 2018. *A true and correct copy of the correspondence of Defendants' counsel dated May 16, 2018 is attached hereto and made a part hereof and identified as Exhibit "B."*

13. Surprisingly, despite almost a year's head start, the Defendants have not only made little progress inventorying any parts prior to the April 2019 settlement conference in but continue to evidence little to no recorded progress to this day.

14. Additionally, the **Defendants have not "repeatedly asked the Plaintiff to provide a specific date to send a representative and/or agent to inventory the car parts/items or inventory the car parts/items that are ready for shipment as previously agreed"** Given that the Defendants have not provided a manifest or photographs and have apparently loaded the parts into a container already, this demand runs contrary to the terms of the settlement. *See FN 1*.

15. The Defendants did, on one occasion, ask the Plaintiff to pick up the few items that had been photographed along with other unidentified parts. The Defendants were put on notice that they had to provide photographs of all parts to be shipped and a complete manifest first. Almost two weeks later, the Defendants' counsel responded that he would speak to his clients about the issues. Plaintiff did not hear from them again. *A true and correct copy of the July 23, 2019 correspondence is attached hereto and made a part hereof and identified as Exhibit "C."*

16. Finally, the relief that the Defendants pray for is, in effect, a request that the Court rewrite the settlement contract. The Defendants desire a Court Order that would turn Section 4 on its head by requiring the Plaintiff to be responsible for those acts that the Defendant is contractually obligated to perform.[2]

17. Specifically, the Defendants now demand that the Plaintiff, not the Defendants, be ordered to inventory the parts and pay for the shipment of the parts. The Defendants have presented no discernible legal excuse why the Plaintiff, contrary to the contract's unambiguous terms, would become their indentured servant and do the work that they agreed to do.

18. The Plaintiff's allegations are founded in fraud. The Defendants are alleged to have stolen almost $1.5 million dollars of the Plaintiff's funds without providing the vehicles components paid for. The Plaintiff and Defendants negotiated a Settlement Agreement that provided the Defendants with a way to keep their promises without further penalty, but in return, the Defendants promised to provide strong assurances to the Plaintiff through a transparent shipping process and the Confessions of Judgment. The Defendants effectively demand that this Court strip away the transparency by forcing Plaintiff or his agent to muddle though cargo containers of unmarked parts that the Defendant promised to sort, inventory and provide over a year ago.

19. Simply put, the Defendants have failed to photograph all parts, failed to provide manifests of the parts which, in turn, makes any inspection from an agent of the

---

[2] "The court's role is limited to interpretation and enforcement of the terms agreed to by the parties, and the court may not rewrite the contract or impose additional terms which the parties failed to insert." See *Maser Consulting, P.A. v Viola Park Realty, LLC*, 91 AD3d 836, 837 [2012], quoting *131 Heartland Blvd. Corp. v C.J. Jon Corp.*, 82 AD3d 1188, 1189 [2011].

Plaintiff to be a fruitless endeavor. Further, the Defendants have failed to provide bills of lading or completed Asbestos Declaration forms. Consequently, the Defendants have failed to make a single shipment or provide any photographic or written evidence that shipments exist in a ready state.

20. The Defendants were put on notice on June 18, 2019 that they were in breach of the Settlement Agreement. *A true and correct copy of the June 18, 2019 correspondence is attached hereto and made a part hereof and identified as Exhibit "D."*. Plaintiff allowed the Defendants approximately two and a half months to bring themselves into compliance with the terms of the Settlement before filing this motion.[3]

21. I respectfully request that the Court issue an Order directing the Clerk of Court to enter judgments against defendants Clark Rittersbach and Concours Classic Motor Cars, LLC dba Concours Classic Restoration, in the sum certain of $1,512,981.00 with such amount recoverable from Defendants, jointly and severally.

Dated this 1st day of October 2019

LAW OFFICES OF BRUCE SHAW, P.C.

/s/ Stephen F. Gehringer, Esq._____
Stephen F. Gehringer, Esquire
Law Offices of Bruce Shaw, P.C.
WDNY Admission No. 2209640
Pa Bar 87020
2735 Terwood Road
Willow Grove, PA 19090
267-374-4290
215-657-6816 (Fax)
sgehringer@shawlaws.com

---

[3] It should also be noted that in the month since the Plaintiff filed his motion for entry of judgment, the Defendants have still made no discernable progress as no new photographs have been provided and the Defendants have still never provided a written manifest.