UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROSS MORGAN,

                                  Plaintiff,         18-CV-6778-FPG

v.

                                                    DECISION AND ORDER

CONCOURS CLASSIC MOTOR CARS, INC., et al.,
                                  Defendants.
_____

## INTRODUCTION

Plaintiff Ross Morgan brought various causes of action against Concours Classic Motor Cars, Inc. ("Concours") and Clark Rittersbach ("Rittersbach") (collectively "Defendants") arising out of a breach of contract. ECF No. 1. Before the Court is Plaintiff's Motion for Entry of Judgments pursuant to Defendants' affidavits of confession of judgment. ECF No. 19-1. For the reasons that follow, Plaintiff's Motion is GRANTED.

## BACKGROUND

From 2012 to 2018, Defendants, who "are in the business of restoring and selling classic motor vehicles," agreed to locate and sell to Plaintiff "various automobiles and their components" valued at a total of $1,930,235.50. ECF No. 1 ¶¶ 8, 11, 36; ECF No. 5 ¶ 1. As of October 2018, Plaintiff, an individual residing in Australia, had only received some of the paid-for parts, valuing $455,208, despite demands that the remaining parts be shipped to him. ECF No. 1 ¶¶ 1, 13, 15. Plaintiff accordingly brought suit alleging a violation of New York's General Business Law § 349 and common law fraud, breach of contract, unjust enrichment, and conversion. ECF No. 1 at 4-10.

On April 5, 2019, the case settled through mediation. ECF No. 18. The parties executed a settlement agreement (the "Agreement") in May 2019 which provided a schedule by which Defendants would deliver the remaining parts to Plaintiff. ECF No. 19-1 at 8-12. Defendants were

to send the first shipment on May 22, 2019, and additional shipments were to be made by the fifteenth of each month thereafter until all the parts were delivered. ECF No. 19-1 at 9.

The Agreement also provided that Defendants would give Plaintiff five days' notice before shipment. *Id.* The notice would include photographs and a detailed manifest of the parts in each shipment. *Id.* Defendants would also allow Plaintiff's agent to inspect the parts prior to being loaded into the shipping container. *Id.*

If Defendants did not deliver the parts in the "time and manner required," two affidavits of confession of judgment—executed by Rittersbach on behalf of himself and Concours—authorized Plaintiff to enter judgment against Defendants for $1,475,027.50, plus interest, costs, and reasonable attorney fees, less any disbursements made. ECF No. 19-1 at 3-4, 10, 20-21, 23-24.

On May 14, 2019, Plaintiff received photographs of some vehicle parts, but nothing else. *Id.* at 4. Plaintiff's attorney contacted Defendants' attorney in June and July 2019 to notify Defendants of their breach. *Id.* at 26-30. Rittersbach independently contacted Plaintiff's counsel on July 23, 2019 to inform him that some parts were available for pickup as reflected in pictures placed in a digital dropbox, but no manifest was provided. ECF No. 22-4. In response, Plaintiff's attorney reiterated the terms of the Agreement and requested that Defendants adhere to them. *Id.*

Plaintiff has not received any shipment of parts under the Agreement. ECF No. 19-1 at 5. Defendants do not dispute Plaintiff's version of events. *See* ECF No. 21. Rather, Defendants claim that as a result of this lawsuit, Rittersbach has suffered "a serious economic business 'down turn,'" and that he is now inventorying all parts by himself. ECF No. 21 ¶ 4. Defendants also claim that Plaintiff has not sent an agent to inventory the parts that are ready for shipment, which has caused the shipment delays. *Id.* ¶¶ 6-9. Plaintiff contends that it is Defendants' responsibility under the Agreement to provide photographs and a manifest of the parts to be shipped prior to Plaintiff

sending an agent to inspect them. ECF No. 22 ¶¶ 10, 14. Further, Plaintiff argues it is not his responsibility to inventory the parts or pay for the cost of shipping them. *Id.* ¶ 17.

Plaintiff now asks the Court to enter judgment against Defendants for $1,512,981, which includes the amount owed to Plaintiff, costs of bringing this action, and attorney fees. ECF No. 19-1 at 5-6. Defendants ask the Court to "order Plaintiff and/or his representatives to inspect, inventory and then pay for shipment of said car parts/items in order to reduce the amount of the Judgments." ECF No. 21 ¶ 11.

## DISCUSSION

"A United States District Court has the power to enter judgment by confession, in accordance with New York law, 'so long as subject-matter jurisdiction exists and the confession of judgment was voluntarily, knowingly, and intelligently made.'" *Rodrigues v. Corona Advances, Inc.*, No. 15-CV-6815 (BCM), 2018 WL 4043149, at *2 (S.D.N.Y. Aug. 24, 2018) (quoting *Xerox Corp. v. West Coast Litho, Inc.*, 251 F. Supp. 3d 534, 537-38 (W.D.N.Y. 2017)).

Pursuant to New York law, "a judgment by confession may be entered, without an action, either for money due or to become due, or to secure the plaintiff against a contingent liability in behalf of the defendant, or both, upon an affidavit executed by the defendant." N.Y. C.P.L.R. § 3218(a). The affidavit must "stat[e] the sum for which judgment may be entered, authoriz[e] the entry of judgment, and stat[e] the county where the defendant resides," and, "if the judgment to be confessed is for money due or to become due, stat[e] concisely the facts out of which the debt arose and show[] that the sum confessed is justly due or to become due." *Id.*

First, the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists between Plaintiff, a resident of Australia, and Defendants Concours, a New York corporation, and Rittersbach, a citizen of New York state. *See*

ECF No. 1 ¶¶ 1-3; ECF No. 5 ¶¶ 1-3. The amount in controversy exceeds $75,000. *See, e.g.*, ECF No. 1 ¶ 58. Because Defendants do not contest the fact and both of the affidavits are signed and notarized, the Court finds they are knowingly, voluntarily, and intelligently made. ECF No. 21 ¶ 3; *Xerox Corp.*, 251 F. Supp. 3d at 539 ("[N]othing in the record before the Court suggests that [defendants] executed the affidavits of confession of judgment in a manner that was not voluntary, knowing, and intelligent. Both affidavits are signed and notarized.").

Second, the affidavits meet the state law requirements. They clearly authorize the entry of judgment for the sum of $1,475,027.50, "plus post-judgment interest, less any subsequent payments or reductions received by Plaintiff." ECF No. 19-1 at 20, 23. While not explicitly stating the county in which Defendants reside, the affidavits state that Defendants "irrevocably submit[] to the jurisdiction and venue of any . . . federal court . . . in any county of New York and authorize entry of the judgment herein in such court." ECF No. 19-1 at 20, 23; *see Maritime Grp. Co. v. Entrac, Inc.*, No. 18-CV-4924 (KHP), 2019 WL 2482376, at *3 (S.D.N.Y. June 13, 2019) (finding affidavit of confession of judgment met state law requirements where it "authorize[d] entry of judgment in this Court"); *Xerox Corp.*, 251 F. Supp. 3d at 538 (finding affidavits of confession of judgment met state law requirements where they did not state particular county but did refer to the Western District of New York). The affidavits, by reference to the Agreement, concisely state the facts out of which the debt arose. *Cf. Arooba Corp. v. Am. Med. Ctrs.*, 28 Misc.3d 1216(A) (N.Y. Sup. Ct. 2010) (finding affidavit of confession of judgment failed to provide facts from which debt arose when it did not adequately refer to a stipulation of settlement containing facts).

Accordingly, the Court grants Plaintiff's motion for an entry of judgment in the amount of $1,512,981. The judgment reflects the $1,475,027.50 owed to Plaintiff under the Agreement, plus

$678.50 in costs[1] and $37,275 in attorney fees associated with this action as stated in Plaintiff's affidavit. ECF No. 19-1 ¶¶ 25(a)-(c).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Entry of Judgments, ECF No. 19, is GRANTED. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $1,512,981.

IT IS SO ORDERED.

Dated: May 11, 2020
       Rochester, New York

                                        HON. FRANK P. GERACI, JR.
                                        United States District Court Judge

---

[1] Plaintiff stated that the costs associated with this action were $618.50, but indicated that those costs included $400 in a court filing fee and $278.50 in service of process fees, which add up to $678.50. ECF No. 19-1 ¶ 25(b).